[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a Motion to Set Aside Verdict as to damages only in a case where the jury rendered a verdict awarding zero economic damages and zero non-economic damages.
Liability was not in controversy, however the issues of causation and injuries were contested and disputed by the defendant. The plaintiff has the burden of proof to establish causation and injuries by a preponderance of the evidence. These issues rest heavily on credibility. The jury is instructed that the credibility of the witnesses and the weight to be given their testimony are matters for the jurors to determine.
In finding as it did, it is assumed that the jury had concluded that the plaintiff failed to sustain his burden of proof on causation and injuries.
In Nolan v. Nationwide Mutual Insurance Co., 60 Conn. App. 68, the Appellate Court stated:
 "It is the province of the jury to resolve the facts and determine the credibility of the testimony."
 "Proximate cause is a question of fact that is also within the province of the jury. Conclusions of proximate cause are to be drawn by the jury and not by the court."
The plaintiff has not established that the conclusion reached by the jury was unreasonable or not supported by the evidence. The court finds that on the evidence presented, the jury could fairly have reached its decision. The verdict is not contrary to the law or is it unsupported by the evidence.
The plaintiff also claims that the instruction given to the jury by the court as to causation was an incorrect statement of the law. The court has reviewed its charge on causation as well as the Briefs of Law submitted by the plaintiff and defendant on this issue. Specifically the court instructed the jury twice on causation, first in the regular charge and then after the jury asked the following question: "With liability CT Page 13468-cr already a given, is it true we need to establish an objective link between the accident and the medical condition of Mr. Phelps." In answering their question, the court said yes and in substance instructed the jury further that the plaintiff must prove that the negligence of the defendant was a substantial factor in bringing about the injuries he claims to have suffered. Also, that the jury must find that such negligence was a substantial factor in causing the plaintiff's injuries.
The court concludes that there is no merit to the plaintiff's claim that the jury was given an incorrect charge on causation. The plaintiff has failed to meet his burden of proof on this issue.
Accordingly, the court denies the plaintiff's Motion to Set Aside the Verdict and also denies the plaintiff's Motion for Additur.
Stengel, J.